**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EDWARD HAROLD SCHAD,
*Plaintiff-Appellant*,

and

ROBERT GLEN JONES, JR.,
*Intervenor-Plaintiff*,

v.

JANICE K. BREWER, Governor of the
State of Arizona, in her official
capacity; SCOTT SMITH, Chief of
Staff to Governor Brewer, in his
official capacity; BRIAN
LIVINGSTON, Chairman and
Executive Director, Arizona Board
of Executive Clemency; JACK
LASOTA, Member, Arizona Board of
Executive Clemency, in his official
capacity, AKA John Jack Lasota;
ELLEN KIRSCHBAUM, Member,
Arizona Board of Executive
Clemency, in her official capacity;
DONNA HARRIS, Member, Arizona
Board of Executive Clemency, in her
official capacity,
*Defendants-Appellees*.

No. 13-16978

D.C. No.
2:13-cv-01962-
ROS

OPINION

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted October 7, 2013[*]
San Francisco, California

Filed October 7, 2013

Before: Mary M. Schroeder, Stephen Reinhardt,
and Susan P. Graber, Circuit Judges.

Per Curiam Opinion

## SUMMARY[**]

### Habeas Corpus/Death Penalty

The panel affirmed the district court's order denying a preliminary injunction and denied a request for stay of execution pending a new clemency hearing.

Appellant sought to enjoin a clemency hearing and stay his execution, claiming that the Clemency Board was biased and subject to undue pressure by the Governor in violation of due process. The panel upheld the district court's credibility

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

findings, made after an evidentiary hearing, regarding the Board members' testimony that they were not pressured or instructed to vote a particular way.

Appellant also contended that there remained serious questions as to the fairness of the Board's proceedings so as to warrant injunctive relief. The panel held that the district court did not abuse its discretion.

## COUNSEL

Kelley J. Henry, Assistant Federal Public Defender, Nashville, Tennessee; and Denise Irene Young, Law Office of Denise I. Young, Tucson, Arizona, for Petitioner-Appellant.

Timothy M. Gabrielsen, Assistant Federal Public Defender, Tucson, Arizona, for Intervenor-Plaintiff.

Kelly Elaine Gillilan-Gibson and Brian Patrick Luse, Assistant Attorneys General, Phoenix, Arizona, for Defendants-Appellees.

## OPINION

PER CURIAM:

Plaintiff-Appellant Edward Schad is scheduled to be executed on October 9, 2013, in Arizona for the 1978 murder of Lorimer Grove. His efforts to reopen the district court's 2006 habeas judgment by invoking Federal Rule of Civil Procedure 60(b) have been the subject of another appeal,

No. 13-16895, in a separate district court action. In our opinion, we affirmed the district court's denial of relief and recounted the long history of this litigation. *Schad v. Ryan*, No. 13-16895, 2013 WL 5498094, at *1–2 (9th Cir. Oct. 4, 2013).

Schad filed this action in district court prior to his clemency hearing, which took place on October 2, 2013. He unsuccessfully sought to enjoin the hearing and to stay his execution, claiming that the Clemency Board was biased and subject to undue pressure by the Governor in violation of due process. The Clemency Board in Arizona is appointed by the Governor and issues recommendations to the Governor. The Governor may grant clemency only when the Board recommends it. Ariz. Rev. Stat. § 31-402(A).

The Supreme Court has never recognized a case in which clemency proceedings conducted pursuant to a state's executive powers have implicated due process. One opinion has suggested that due process concerns might be implicated in a situation in which the clemency proceeding's outcome is wholly arbitrary, as would be the case if clemency were determined by a coin toss. *Ohio Adult Parole Auth. v. Woodward*, 523 U.S. 272, 289 (1998) (O'Connor, J., concurring). Bribery or other corrupt practices have also been suggested as grounds to bring state executive clemency proceedings under federal scrutiny. *Id*. at 290–91 (Stevens, J., dissenting). Schad recognizes the high threshold he faces to prevail, as did the district court in denying the request for injunctive relief.

The district court held an evidentiary proceeding in which it heard testimony from current and former members of the Board. The district court found that the current members of

the board testified credibly that no pressure from the Governor was ever exerted upon them to vote against clemency. Former members of the Board also testified that they were not instructed to vote a particular way, and the district court also found their testimony credible. Former members of the Board who recommended clemency in a particular case, however, were not reappointed, and the district court took that fact into account in reaching its decision. The court held that the evidence was not sufficient to raise due process concerns under the applicable standards.

Schad then filed a Federal Rule of Civil Procedure 59 motion contending that one of the witnesses may have testified falsely in describing the contents of a letter the witness thought may have come from within the Governor's office. When that letter was produced, it showed that it was written by the Board itself and did not support an inference that pressure from the Governor's office was brought on any Board member. The district court denied the motion.

In this appeal, Schad contends the district court's credibility findings were clearly erroneous. The record fully supports the district court's findings and there is no basis to disturb its credibility determinations.

Schad also contends the standards for issuing an injunction were met. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). He contends that there remain serious questions as to the fairness of the Board's proceedings. The record and the district court's well-reasoned decision do not support this contention. The district court did not abuse its discretion in denying an injunction.

The district court's order denying the preliminary injunction is **AFFIRMED**.  The request for stay of execution pending a new clemency hearing is **DENIED**.